IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVID J. BOATRIGHT,    )
         )
 Plaintiff,      )
         )  NO. 3:25-cv-01450
v.          )
         )  JUDGE RICHARDSON
LYNDA JONES, et al.,    )
         )
 Defendants.     )
         )

## ORDER

Pending before the Court[1] is the report and recommendation (Doc. No. 49, "R&R") of the Magistrate Judge, which "recommends granting [Defendant Lynda] Jones's motion to dismiss (Doc. No. 36) and dismissing the amended complaint in its entirety, and as to all defendants, under the *Rooker-Feldman* doctrine" and "further recommends denying the other three pending motions to dismiss (Doc. Nos. 27, 29, 39) as moot." (Doc. No. 49 at 10). Notably, Plaintiff did not file timely objections to the R&R, but instead—after the deadline[2] to file objections had already expired—filed a "Motion for Leave to File Objections Out of Time" (Doc. No. 50, "Motion to File Late Objections"). Defendants filed a response (Doc. No. 51, "Response") in opposition to Plaintiff's Motion to File Late Objections.

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. For *pro se* plaintiffs, like Plaintiff, the Court is willing to extend this 14-day deadline by three (3) days to allow time for filings to be transported by mail. Notably, the R&R was filed on June 29, 2026, meaning that any objections were required to have been filed on or before July 16, 2026. Notably, no objections were filed on or before July 16, 2026, and the Motion to File Late Objections was not filed until July 21, 2026 (5 days after the expiration of the deadline).

For the reasons stated below, the Court will deny the Motion to File Late Objections as moot and will adopt the R&R.

BACKGROUND

Absent any proper objection to the "Background" statement of relevant facts (regarding the underlying circumstances and procedural history of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that statement (including the footnotes appended by the Magistrate Judge to this statement, which are footnotes 3-7 herein) in its entirety and includes it here for reference.

## I. Background

### A. Factual Background

This case concerns allegations[3] that defendants evicted plaintiff from his federally subsidized senior apartment without the due process required by federal housing laws. Plaintiff lived at the Trevecca Towers Retirement Center in Nashville from October 1, 2013 until January 6, 2026. Problems concerning rent payments and lease renewals began to arise around June 2024. Plaintiff submitted to LHP a complaint under Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794) objecting to how it raised his rent in his renewed lease from his subsidized amount to market rates. (Doc. No. 40-1 at 26–29.) LHP appears to have advised plaintiff that the rent increase was related to deficiencies in the process of annual recertification of income and family composition. (*Id.* at 28, 34.) Over the next several months, several lawsuits were filed in Davidson County General Sessions Court:

> 1) Case No. 24GC16607: On October 28, 2024, plaintiff sued LHP and Dowling on multiple grounds. (Doc. No. 40-1 at 2.) In the complaint, plaintiff described how he did not receive a response from LHP regarding his Section 504 complaint and consequently filed complaints with the Department of Housing and Urban Development and the Civil Rights Division of the Department of Justice. (*Id.* at 6.) Plaintiff recited problems that he saw in his most recent recertification process. (*Id.* at 7–11.) Plaintiff also asserted that he provided LHP with notice of nondiscrimination violations including a failure to establish and to follow required

---

[3] For the sake of brevity in summarizing the background, the Court will avoid repeated use of the terms "alleged" and "allegedly." Nothing in this Background section constitutes a finding of fact unless otherwise noted.

grievance procedures. (*Id.* at 12–14.) The complaint ended with a request for relief including monetary damages on theories of breach of contract, discrimination, "abuse of a senior and vulnerable adult," due process violations, and fraud. (*Id.* at 15.) On November 25, 2024, Jones ordered "[t]hat no monetary damages were presented. The defendant is enjoined from evicting the defendant. Plaintiff must continue to pay the rent per lease agreement." (Doc. No. 36-1 at 2.)

2) Case No. 25GT373: On January 13, 2025, LHP[4] filed a detainer summons against plaintiff seeking eviction and payment of back rent in the amount of $6,212.00. (Doc. No. 36-2 at 1.) LHP non-suited the case on January 27, 2025. (*Id.* at 3.)

3) Case No. 25GT2272: On February 24, 2025, LHP[5] filed a detainer summons against plaintiff seeking eviction and payment of back rent in the amount of $7,679.00. (Doc. No. 36-3 at 1.) On March 18, 2025, following trial the day before, Jones awarded judgment to LHP "for possession of the described property in the Detainer Warrant and all costs of suit for which execution may issue." (*Id.* at 3.) The judgment issued on the condition that plaintiff had to complete his annual recertification requirement by March 31, 2025. (*Id.* at 4.) If plaintiff completed recertification then the claim of unlawful detainer would be moot and the judgment would be satisfied. (*Id.*) The claim for monetary damages was reserved. (*Id.*)

4) Case No. 25GC1155: On January 21, 2025, plaintiff sued LHP and Dowling on multiple grounds. (Doc. No. 40-3 at 2.) The breach of contract and fraud claims included plaintiff's allegations of violations of federal housing grievance procedures and other regulations. Other claims included assertions of assault and battery and fraud. Plaintiff sought monetary damages and a denial of LHP's detainer warrant—which, based on timing, likely was a reference to Case No. 25GT373. (*Id.* at 13–14.) On March 18, 2025, following a trial, Jones found in favor of LHP and Dowling, dismissed the case with prejudice, and assessed costs to plaintiff. (Doc. No. 30-4 at 24–25.)

---

[4] The plaintiff formally was listed as "Trevecca Towers Retirement Center."

[5] The plaintiff formally was listed as "Lester One East LP."

5) Case No. 25GT11287: On October 3, 2025, LHP[6] filed a detainer summons against plaintiff seeking eviction and payment of back rent in the amount of $10,047.00. (Doc. No. 40-5 at 2.) On November 26, 2025, a state court judge other than Jones entered default judgment for LHP for eviction, back rent, costs, and post-judgment interest. (Doc. No. 40-8 at 2.)

6) Case No. 25GC17812: On October 8, 2025, plaintiff sued LHP and Dowling on multiple grounds. (Doc. No. 40-6 at 2.) Plaintiff requested an injunction to prevent his eviction "because this matter belongs under federal authority" for violations of civil rights. (*Id.* at 4.) Plaintiff recited the history of events pertaining to prior eviction attempts and violations of federal housing regulations. Plaintiff asserted violations of Section 504 of the Rehabilitation Act and of regulations governing changes in lease terms. (*Id.* at 16.) On November 24, 2025, a state court judge other than Jones dismissed the case without prejudice for failure to prosecute, with costs assessed to plaintiff. (Doc. No. 40-7 at 2.)

Plaintiff did not appeal any judgments entered against him in any of the above cases.

### B. Procedural History

Plaintiff filed his original complaint on December 16, 2025 and his amended complaint on February 19, 2026. In the amended complaint, plaintiff invokes numerous statutory authorities and alleges his core contention from state court that defendants evicted him from his apartment without complying with grievance, accommodation, and other procedures required under federal housing laws. (Doc. No. 33 at 2.) Among other allegations, plaintiff pleads specifically that "Defendants initiated [an] adverse housing action against Plaintiff, including eviction proceedings and alleged housing debt [*i.e.*, back rent owed]." (*Id.*) As a result of the adverse housing action, "Plaintiff suffered loss of housing, financial harm, pain and suffering, and denial of federally protected procedural rights." (*Id.*) The amended complaint contains a single claim alleging a violation of Section 504 of the Rehabilitation Act and a deprivation of procedural due process under applicable federal statutes. (*Id.* at 3.) Plaintiff seeks the following relief: "A. Declaratory relief that the conduct violated federal law. B. Injunctive relief preventing adverse housing action[7] without compliance with Section 504

---

[6] The plaintiff again was listed as "Lester One East LP."

[7] The request for injunctive relief in the amended complaint could read literally like a request to enjoin defendants from engaging in future evictions in the same manner. A request to enjoin how future evictions

procedures. C. Compensatory and punitive damages as permitted by law. D. Costs and any other relief the Court deems just and proper." (*Id.* at 3.)

Jones filed her motion to dismiss the amended complaint on March 3, 2026. Jones argues under Rule 12(b)(5) that she was not properly served in her individual capacity, which would be important because plaintiff sued her in both official and individual capacities. Jones argues further under Rule 12(b)(1) that plaintiff is attempting to use this Court for appellate review of any adverse judgments entered against him in state court, in violation of both state law governing appeals from General Sessions Court and the federal *Rooker-Feldman* doctrine. On a factual level, Jones makes the additional argument under Rule 12(b)(6) that plaintiff has not pled any specific conduct or liability about her and that any conduct that could be pled would be subject to judicial immunity. Plaintiff opposes the motion by reiterating that Jones acted under color of state law; that federal housing protections apply to his situation; that he adequately identified the damages that he suffered; and that the motion improperly seeks factual determinations that are inappropriate at this stage. (Doc. No. 41.) Plaintiff did not address the *Rooker-Feldman* argument.

LHP and Dowling filed their motion to dismiss the amended complaint on March 5, 2026. Like Jones, LHP and Dowling argue that plaintiff cannot circumvent state law that prescribes how to appeal a judgment of General Sessions Court. LHP and Dowling argue further that res judicata bars plaintiff's suit here because he raised all the same points with the same parties in state court and lost. Finally, LHP and Dowling argue that the amended complaint is far too conclusory to support any plausible theory of liability against them. Plaintiff opposes the motion by arguing that he adequately pled federal housing violations and the damages that he suffered; and that none of the state court proceedings adjudicated his federal claims on the merits, meaning that he is not barred from litigating his federal rights here. (Doc. No. 43.)

(Doc. No. 49 at 2-6). The Magistrate Judge concluded that the motion to dismiss (Doc. No. 36)

filed by Defendant Lynda Jones should be granted—resulting in the amended complaint (Doc. No.

---

occur would raise serious questions about standing, but these questions are avoided by reading the request in the context of the original complaint. The original complaint was filed on December 16, 2025, after the state court judgment that authorized eviction but before the eviction actually happened a few weeks later. The original complaint requested "injunction relief as plaintiff is end stage CKD and being ready to start dialysis or alternative treatment [sic]." (Doc. No. 1 at 8.) When plaintiff filed his amended complaint to preempt the original motions to dismiss (Doc. Nos. 27, 29), he kept the request for an injunction preventing an adverse housing action against him even though the eviction had occurred by then. In this context, the Court interprets the request as seeking an injunction that would undo his eviction and restore him to his former apartment on terms that comply with procedures that he believes were violated.

33) being dismissed in its entirety—and that the other three remaining motions to dismiss (Doc. Nos. 27, 29, and 39) should be denied as moot. After the deadline to file objections had expired, Plaintiff filed the Motion to File Late Objections, which was accompanied by (among other things) proposed objections (Doc. No. 50-6, "Proposed Objections"). Defendants timely filed their Response in opposition to the Motion to File Late Objections.

THE MAGISTRATE JUDGE'S R&R

As noted above, the R&R "recommends granting [Defendant Lynda] Jones's motion to dismiss (Doc. No. 36) and dismissing the amended complaint in its entirety, and as to all defendants, under the *Rooker-Feldman* doctrine" and "further recommends denying the other three pending motions to dismiss (Doc. Nos. 27, 29, 39) as moot." (Doc. No. 49 at 10). Notably, in reaching this conclusion, the Magistrate Judge relied solely on the *Rooker-Feldman* doctrine. (*See* Doc. No. 49 at 10 ("With the *Rooker-Feldman* doctrine applicable here, the Court lacks subject-matter jurisdiction to proceed any further. The Court accordingly declines to review any of the other arguments that the parties have raised")).

LEGAL STANDARD FOR THE REVIEW OF REPORTS & RECOMMENDATIONS

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which a *proper* objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C.A. § 636(b)(1).[8] The district judge may accept, reject, or modify

---

[8] Significantly, and perhaps surprisingly, the statute does not actually direct the district judge to expressly rule on the objections themselves (i.e., expressly sustain or reject the objector's *specific* criticism(s) of what the magistrate judge did). Instead of requiring the district judge to determine *the* validity of the objections to what the magistrate judge did, the statute requires the district judge to make a determination—*de novo*, which inherently means ultimately without reference to whether what the magistrate judge did was objectionable—of the portion(s) of the report and recommendation to which objection was made. Moreover, since the review of the objected-to portions of the report and recommendation is *de novo*, any critiquing of what the magistrate judge did ultimately would be dicta (albeit relevant and probative dicta to the extent

the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.*

A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no proper objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at \*3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

"Only 'specific written objections' to the magistrate judge's proposed factual findings and legal conclusions are 'proper' under Federal Rule of Civil Procedure 72(b)." *Frias v. Frias*, No. 2:18-CV-00076, 2019 WL 549506, at \*2 (M.D. Tenn. Feb. 12, 2019). Furthermore, Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of a magistrate judge's report or proposed findings or recommendations to which an objection is made. L.R. 72.02(a); *see also See* Fed. R. Civ. P. 72(b)(2). Significantly, "[t]he filing

---

that such critiquing explains the analysis underlying the district judge's determination of the objected-to portions of the R&R). Additionally, district judges in this Circuit not infrequently either decline to rule on (or, to the same effect, deny as moot) particular objections on the specific ground that so doing is unnecessary to rule on the objected-to portion of the report and recommendation. *E.g., Collins v. Bright*, No. 2:13-CV-02987-JPM-CGC, 2021 WL 5205622, at \*3 (W.D. Tenn. Nov. 9, 2021) ("[T]his objection does not affect or alter the conclusions of the Magistrate Judge and is overruled as moot."); *Lashuay v. Fornwalt*, No. 1:15-CV-1109, 2017 WL 4160947, at \*1 (W.D. Mich. Sept. 20, 2017) ("This Court need not resolve all of the objections," because only some of them needed to be addressed in order to resolve the motion that was the subject of the report and recommendation); *Weatherspoon v. Williams*, No. 2:14-CV-108, 2016 WL 6070994, at \*1 (W.D. Mich. Oct. 17, 2016) ("Plaintiff's objections are irrelevant and will be denied."); *Bowers v. Burnett*, No. 1:08-CV-469, 2011 WL 1047343, at \*2 n.1 (W.D. Mich. Mar. 18, 2011) (noting that the Court need not resolve an objection to the extent that the objector's position on the R&R has other fatal deficiencies); *Powell v. Alcoa High Sch.*, No. 3:10-CV-212, 2010 WL 2598260, at \*2 (E.D. Tenn. June 24, 2010) ("Because this objection is irrelevant to [the magistrate judge's] recommendations, it is hereby overruled.") *Cline v. Kelly*, No. 09CV859, 2010 WL 1006529, at \*9 n.1 (N.D. Ohio Mar. 16, 2010) ("The Court acknowledges [the petitioner's] objection, but need not resolve it because that specific fact is not relevant to the resolution of any of the grounds for relief set forth in [the] Petition" that the magistrate judge had recommended be denied.).

of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *Frias*, 2019 WL 549506, at *2 (internal citations and quotations omitted). In other words, "the district court need not provide *de novo* review," or any other type of review, "where the objections are 'frivolous, conclusive or general,'" and therefore improperly made. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). *See also Ashraf*, 322 F. Supp. 3d at 881 ("The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made." (citation omitted)); *Benson*, 2018 WL 6322332, at *3 (same). The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Frias*, 2019 WL 549506, at *2; *Hart v. Bee Prop. Mgmt., Inc.*, No. 18-CV-11851, 2019 WL 1242372, at * 1 (E.D. Mich. Mar. 18, 2019) (citing *Thomas*, 474 U.S. at 149). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas*, 474 U.S. at 150).

<u>ANALYSIS</u>

In the present case, via Plaintiff's Motion to File Late Objections, Plaintiff asks the Court both to permit him to file late objections to the R&R and to consider those objections (if and when they are filed) prior to deciding whether to accept, reject, or modify the R&R. (Doc. No. 50 at 1). But notably (and as discussed in a footnote above), Plaintiff's Motion to File Late Objections was

not filed until *after* the deadline to file objections had already expired. If Plaintiff needed an extension of time to file objections, Plaintiff should have requested an extension prior to the expiration of the deadline. Because Plaintiff did not do so, the Court finds that the Proposed Objections are not cognizable and that the Motion to File Late Objections is subject to denial on that basis alone.

But even assuming *arguendo* that the Motion to File Late Objections is meritorious, so as to justify consideration of the Proposed Objections, the Court nonetheless denies the Motion to File Late Objections as moot finding that it would adopt the R&R nonetheless because the Proposed Objections are not proper objections and therefore are not cognizable in any event.

As Defendants aptly point out in their Response, "the Objections are entirely non-responsive to the R&R's sole legal basis—the *Rooker-Feldman* doctrine." (Doc. No. 51 at 2). As discussed above, the Magistrate Judge recommended dismissal on the grounds that under the *Rooker-Feldman* doctrine federal courts lack subjective-matter jurisdiction over this case. (Doc. No. 49 at 10). Notably, Defendants correctly point out that Plaintiff's Proposed Objections do not even mention the *Rooker-Feldman* doctrine or jurisdiction. (Doc. No. 51 at 2). Instead, Plaintiff's Proposed Objections make arguments based on the merits (with reference to the 12(b)(6) pleading standard) and the alleged need for discovery. (Doc. No. 50-6 at 2-6). But the R&R recommended denial (pursuant to the *Rooker-Feldman* doctrine) based on a lack of jurisdiction; this recommendation was reached without the Magistrate Judge ever assessing (or needing to assess) the merits of Plaintiff's underlying claim or any discovery issues. So none of Plaintiff's objections actually address any portion whatsoever of the R&R, meaning that the Proposed Objections simply are not cognizable. Because the Proposed Objections are not proper objections, the Court would adopt the R&R even if it were to consider the Proposed Objections (consider them, at least, until

such point as it disregarded them as not actually being cognizable as objections). Therefore, the Court hereby will deny the Motion to File Late Objections as moot and will adopt the R&R.

<u>CONCLUSION</u>

For the reasons stated herein, the Motion to File Late Objections (Doc. No. 50) is **DENIED** as **MOOT**, and the R&R (Doc. No. 49) is adopted and approved. Accordingly, the motion to dismiss (Doc. No. 36) filed by Defendant Lynda Jones is **GRANTED**, and the amended complaint (Doc. No. 33) is dismissed in its entirety, as to all Defendants, under the *Rooker-Feldman* doctrine. As this order fully resolves all claims, the Clerk is **DIRECTED** to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

_Eli Richardson_

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE